**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JAMAL LINDSEY SMITH,

                                                            Civil No. 25-1510 (JRT/EMB)
                    Petitioner,

v.

                                              **MEMORANDUM OPINION AND ORDER**
LISA STENSETH, *"Warden" of MCF Rush*        **ADOPTING REPORT AND**
*City*, and DAN DAHLBERG, *"Commissioner*    **RECOMMENDATION AND DENYING**
*of Corrections"*,                           **PETITION FOR WRIT OF HABEAS CORPUS**

                    Respondents.

---

Jamal Lindsey Smith, MCF—Rush City, 7600 525th Street, Rush City, MN 55069, *pro se* Petitioner.

Adam E. Petras, **HENNEPIN COUNTY ATTORNEY'S OFFICE**, C2000 Government Center, 300 South Sixth Street, Minneapolis, MN 55487; and Thomas R. Ragatz, **MINNESOTA ATTORNEY GENERAL'S OFFICE**, 445 Minnesota Street, Suite 1400, St. Paul, MN 55101, for Respondents.

Petitioner Jamal Lindsey Smith is serving a life sentence with the possibility of release on his conviction in Minnesota state court for first-degree intentional murder, and a concurrent 120-month sentence for possession of ammunition or a firearm after being convicted of a crime of violence.  Smith seeks a Writ of Habeas Corpus, raising 26 separate grounds on which he alleges his detention is unlawful.

In an Order and Report and Recommendation ("R&R") issued on August 28, 2025, United States Magistrate Judge Elsa M. Bullard recommended that the Court reject 22 of those 26 grounds because they were procedurally defaulted in state court.   The

Magistrate Judge concluded that Smith's other four asserted grounds for relief had been fairly presented in state court.  The Magistrate Judge therefore directed Respondents to submit a memorandum presenting arguments as to why Smith's habeas petition should not be granted.  Smith filed timely objections to the R&R.  Respondents timely filed the memorandum ordered by the Magistrate Judge, and Smith filed a response to that memorandum.

After thorough review of the R&R and the parties' filings, the Court concludes that none of the 26 grounds presented by Smith support habeas relief.  The Court concludes that 22 of the 26 grounds were not exhausted in state court and were procedurally defaulted under the rule derived from *State v. Knaffla*, 243 N.W.2d 737 (Minn. 1976).  As to the four grounds for relief that Smith did exhaust in state court, the Court concludes that Smith has failed to show that the Minnesota Supreme Court's decisions were contrary to federal law or unreasonable.

Accordingly, the Court will adopt the R&R and will overrule Smith's objections.  In addition, the Court will reject the four grounds for relief on which the Magistrate Judge did not make a recommendation.  Because no valid grounds for relief will remain, the Court will deny Smith's petition for a writ habeas corpus.

## BACKGROUND

### I.    FACTS

The factual and procedural background of this case were addressed in the Minnesota Supreme Court's opinion denying Smith's direct appeal from his conviction,

-2-

*State v. Smith*, 9 N.W.3d 543 (Minn. 2024), and in the Magistrate Judge's R&R (R&R, Aug. 28, 2025, Docket No. 11).  Those facts are incorporated by reference and summarized here to the extent necessary to adjudicate Smith's petition and resolve his objections to the R&R.

On July 6, 2021, Jay Boughton was shot and killed while driving his 15-year-old son home from a baseball game.  After an investigation, a Hennepin County grand jury issued an indictment in October 2021 charging Smith with three offenses arising from the shooting: first-degree intentional murder while committing a drive-by shooting (in violation of Minn. Stat. § 609.185(a)(3)); second-degree unintentional murder while committing a drive-by shooting (in violation of Minn. Stat. § 609.19, subd. 1(2)); and possession of ammunition or a firearm after being convicted of a crime of violence (in violation of Minn. Stat. § 624.713, subd. 1(2)).  *Smith,* 9 N.W.3d at 549.

A jury found Smith guilty on all three counts.  *Id.*  The district court entered convictions of first-degree intentional murder and possession of a firearm after being convicted of a crime of violence, and sentenced Smith to life with the possibility of release and to a concurrent sentence of 120 months.  *Id.* at 554.

Smith appealed his conviction to the Minnesota Supreme Court.  *Id.*; *see* Minn. Stat. § 632.14 (authorizing defendants convicted of first-degree murder to appeal directly to the Minnesota Supreme Court).  Smith argued that a new trial was warranted for four reasons: (1) "the district court was biased against him"; (2) "defense counsel was

ineffective"; (3) "the district court committed reversible error when it denied his motion challenging the racial composition of the grand and petit jury pools"; and (4) "the district court committed reversible error when it admitted evidence of Smith's prior bad acts." *Smith*, 9 N.W.3d at 554–55.  The court rejected each of Smith's theories and affirmed Smith's conviction.  *Id.* at 566.

## II.    SMITH'S HABEAS PETITION

On April 16, 2025, Smith filed a Petition for Writ of Habeas Corpus in this Court. (Pet. Writ of Habeas Corpus ("Pet."), Apr. 16, 2025, Docket No. 1.)  Smith challenges his detention as unlawful on 26 separate grounds.  Smith characterizes these grounds as: (1) Due Process; (2) Improper Grand Jury Indictment; (3) Selective Prosecution; (4) Prosecutorial Misconduct; (5) Constitutional Right to Face Accuser; (6) Targetive Investigation; (7) Presumption of Innocence; (8) Misrepresentation of Facts; (9) Probative Biases; (10) Equal Protection Rights; (11) Miscarriage of Justice; (12) Insufficient Evidence; (13) Reasonable Doubt; (14) Cruel and Unusual Punishment; (15) Ineffective Assistance of Counsel; (16) Judicial Misconduct; (17) Reversible Errors; (18) Compromised Investigation; (19) Malicious Prosecution; (20) Witness Identification Error; (21) Implicit Bias; (22) Illegitimate Facts, Evidence, and Fairness; (23) Abuse of Discretion;

(24) Unlawful Censorship; (25) Opposing Theories; (26) Weaponization of Government. (Pet. at 5–61.)[1]

The Magistrate Judge issued an R&R on August 18, 2025, recommending that the court reject 22 of Smith's 26 grounds supporting his habeas petition: Grounds 1 through 11, 14, and 17 through 26. (R&R at 17–18.) The R&R recommended that the Court find these grounds to be "procedurally defaulted" under standards applied in Minnesota state court "because Smith either knew about the underlying issues or reasonably should have known about them at the time of his direct appeal" but did not raise the issues in state court. (R&R at 12 (citing *Knaffla*, 243 N.W.2d 737.)) However, as to Grounds 12, 13, 15, and 16, the Magistrate Judge concluded that Smith had fairly presented the issues to the Minnesota Supreme Court, which meant that he could bring a habeas petition on those claims in federal court. (*Id.* at 5–10.) The Magistrate Judge therefore ordered Respondents to file a response addressing the merits of those arguments. (*Id.* at 18.)

Smith timely objected to the R&R in its entirety on September 22, 2025. (Pet.'s Obj. R&R ("Obj."), Sept. 22, 2025, Docket No. 13.) Respondents filed the memorandum ordered by the Magistrate Judge addressing Grounds 12, 13, 15, and 16 on September 25, 2025. (Resp'ts' Answer Pet. for Writ of Habeas Corpus ("Resp."), Sept. 25, 2025,

---

[1] Smith also applied to proceed *in forma pauperis* ("IFP") and for appointment of counsel. (App. Proceed IFP, Apr. 16, 2025, Docket No. 2; Mot. Appt. Counsel, Apr. 16, 2025, Docket No. 4.)

Docket No. 14.)  Smith filed a reply on Oct. 23, 2025.  (Pet.'s Response ("Reply"), Oct. 23, 2025, Docket No. 20.)

**DISCUSSION**

**I.    STANDARD OF REVIEW**

**A.    Objections to an R&R**

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1).  "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections."  *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008).  For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R.  Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).  "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error."  *Montgomery v. Compass Airlines*, LLC, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

A document filed by a pro se litigant is to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by lawyers.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  However, pro se litigants are not excused from failing to comply with substantive or procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

**B.       Habeas Corpus Relief**

Habeas corpus relief is available to a state prisoner if they are "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. 2254(a). A federal court may not grant habeas relief to a state prisoner on any issue decided on the merits by a state court unless the proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

A state prisoner must first exhaust state court remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b)(1)(A); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999).  This requirement prevents the "unseemly result of a federal court upsetting a state court conviction without first according the state courts an opportunity to correct a constitutional violation."  *Davila v. Davis*, 582 U.S. 521, 527 (2017) (cleaned up).

To exhaust available state remedies, "the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citation omitted).  Fair presentment requires a defendant to "refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal

constitutional issue," in state court. *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (citation omitted). It is not enough to "make a general appeal to a constitutional guarantee as broad as due process." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (cleaned up). A federal claim has not been fairly presented to a state court "if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Baldwin*, 541 U.S. at 32.

If a habeas petition contains claims that have not been fairly presented, the court must then determine if those claims are unexhausted or procedurally defaulted. A claim is unexhausted if it has not been fairly presented in "one complete round" of the state's appellate review process. *O'Sullivan,* 526 U.S. at 845. A constitutional claim is procedurally defaulted if the state prisoner failed to exhaust state court remedies with respect to that claim and the state courts will no longer review it because "an independent and adequate" state procedural rule precludes further litigation of the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). For procedurally defaulted claims, habeas review is barred unless the prisoner can demonstrate "cause and prejudice" for the default or that the failure to consider the claims will result in a fundamental miscarriage of justice. *Id.* at 748.

## II.    ANALYSIS

The Magistrate Judge's R&R recommended that the Court reject 22 of Smith's 26 alleged grounds for habeas relief on the grounds that they had been procedurally

defaulted in state court. (*See* R&R at 11–16.) The R&R took no position on the remaining four grounds other than to find that they had been fairly presented to the Minnesota Supreme Court and to direct Respondents to show cause as to why the writ should not be granted. (R&R at 18.) Respondents subsequently filed a memorandum addressing the merits of these four grounds of relief. (*See* Docket No. 15.)

Given this procedural posture, and because courts must liberally construe general and conclusory pro se objections to R&Rs and to conduct de novo review of all alleged errors, *see Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994), the Court will review Smith's habeas petition and the recommendations in the R&R de novo.

### A.      Exhaustion

The Court will first consider which, if any, of the arguments raised in Smith's habeas petition have been adequately exhausted in state court. On direct appeal to the Minnesota Supreme Court, Smith presented arguments through a brief filed by the Office of the Minnesota Appellate Public Defender, and through a *pro se* brief.[2] The Minnesota Supreme Court took these two briefs together as advancing four general arguments on appeal.[3]

---

[2] Appellant Brief, *State v. Smith*, No. A23-007 (Minn. Aug. 18, 2023); Pro Se Supplemental Brief, *State v. Smith*, No. A23-007 (Minn. Oct. 17, 2024). The Court takes judicial notice of these public state-court records. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

[3] After reviewing Smith's appellate briefing, the Court finds the Minnesota Supreme Court's opinion to be an accurate description of the arguments presented by Smith.

First, Smith claimed that "the district court was biased against him."  *Smith,* 9 N.W.3d at 554.  The Minnesota Supreme Court rejected this claim:

> [T]he district court took [each] issue[] under advisement and explained the rationale of its rulings.  Some of the court's trial rulings favored Smith and some of them did not, but because these challenged adverse rulings are insufficient to show bias, Smith's claim fails.

*Id.* at 555.

Second, Smith brought an ineffective-assistance-of-counsel claim under *Strickland v. Washington*, arguing that his trial counsel "fell below an objective standard of reasonableness," and "but for counsel's unprofessional errors, the result of the proceeding would have been different."  466 U.S. 668, 694 (1984).  The Minnesota Supreme Court rejected this argument as failing under both prongs of the test established in *Strickland*.  *Smith,* 9 N.W.3d at 556.

Third, Smith argued that "the district court committed reversible error when it denied his motion challenging the racial composition of the grand and petit jury pools." *Id.* at 555.  Smith's jury pool claim centered on the argument that he was denied a jury pool that reflected "a fair cross-section of the community."  *Id.* at 556.  The court rejected this argument as well, concluding that Smith failed to meet "his burden to show that Black persons were underrepresented in the jury pool selection process and that any underrepresentation is the product of 'systematic exclusion.'"  *Id.* at 560.

Fourth, and finally, Smith argued that "the district court committed reversible error when it admitted evidence of Smith's prior bad acts."  *Smith*, 9 N.W.3d at 555.  The

Minnesota Supreme Court concluded that "the evidence of prior bad acts [was] admissible . . . as direct or corroborative evidence of [the] charged crime," and that "the district court did not abuse its discretion in admitting this evidence." *Id.* at 564.

Liberally construing the arguments made in Smith's petition habeas relief, the Court concludes that Grounds 12 ("Insufficient Evidence"), 13 ("Reasonable Doubt"), 15 ("Ineffective Assistance of Counsel") and 16 ("Judicial Misconduct") were "fairly presented" in state court. The Court concludes that Smith's briefing to the Minnesota Supreme Court—filed by his attorney and by Smith himself—sufficiently raised federal questions related to these claims and thus provided the state high court an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Reese*, 541 U.S. at 29 (cleaned up).

The Court further concludes that Smith's remaining arguments in his habeas petition were not fairly presented in state court and were procedurally defaulted under the rule set forth in *State v. Knaffla*, 243 N.W.2d 737. The *Knaffla* rule provides that "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *Id.* at 741. In other words, claims known but not raised in the direct appeal are procedurally barred. *See Hooper v. State*, 838 N.W.2d 775, 787 (Minn. 2013) ("The *Knaffla* rule provides that when a petition for postconviction relief follows a direct appeal of a conviction, all claims raised in the direct appeal and all claims of which the defendant

knew or should have known at the time of the direct appeal are procedurally barred."
(citation omitted)).   Because these claims were procedurally defaulted, and because
Smith has not shown that failure to consider these procedurally defaulted claims would
result in prejudice or the miscarriage of justice, Smith cannot prevail on grounds 1–11,
14, and 17–26 as raised in his Petition.[4]

**B.      Insufficient Evidence, Reasonable Doubt, Ineffective Assistance of Counsel, and Judicial Misconduct**

Having concluded that four of the arguments raised in Smith's habeas petition
were properly exhausted in state court proceedings, the Court next considers whether
any warrant habeas relief.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf
of a person in custody pursuant to the judgment of a State court only on the ground that
he is in custody in violation of the Constitution or laws or treaties of the United States."
28 U.S.C. § 2254(a).   Under the Antiterrorism and Effective Death Penalty Act of 1996,
unless a state court bases its decision on an "unreasonable determination of the facts,"
the Court may award habeas relief "only if the state court determination . . . resulted in a
decision that was contrary to, or involved an unreasonable application of, clearly

---

[4] The Court emphasizes—as the Magistrate Judge did (*see* R&R at 10 n.8)—that many of Smith's 26 arguments for habeas relief are vague, conclusory, or duplicative.  To the extent certain aspects of the claims the Court has determined to have been procedurally defaulted could arguably be construed as having been fairly presented in state court, the Court finds the substance of those arguments to be sufficiently encompassed within Grounds 12, 13, 15, and 16, which the Court will consider on the merits.

established Federal law, as determined by the Supreme Court of the United States[.]"

*Williams v. Roper*, 695 F.3d 825, 830 (8th Cir. 2012) (quoting 28 U.S.C. § 2254(d)(1)).

### 1.   Insufficient Evidence and Reasonable Doubt

Grounds 12 and 13 of Smith's petition raise related arguments—that the state did not present evidence at trial sufficient to carry its burden and support his conviction for first-degree murder.  The Minnesota Supreme Court engaged in a robust analysis of Smith's arguments based on the sufficiency of the evidence, and concluded that the state had carried its burden of presenting evidence sufficient to convict Smith.  The court reasoned as follows:

> When viewed as a whole, the circumstances proved support a reasonable inference that Smith shot Boughton and are inconsistent with a reasonable inference that A.S or B.S. shot Boughton.  It is reasonable to infer that Smith lowered the front passenger window, extended his arm across A.S.'s chest, fired the fatal shot in response to another perceived traffic slight, and later apologized to A.S. for firing the shot out of the passenger window in such close range to A.S.  The circumstances proved, when viewed as a whole, are inconsistent with a reasonable inference that A.S or B.S. shot Boughton.  More specifically, the gunshot residue inside the car and on Smith's black crossbody bag is inconsistent with a reasonable inference that A.S. or B.S. fired the fatal shot because a passenger shooting at another car directly to their right would have extended their arm out of their car's window for better aim.  Moreover, if the gun had been fired from the back seat, a higher concentration of gunshot residue would have been present on the interior rear passenger door.  In addition, B.S.'s phone records are inconsistent with a reasonable inference that B.S. fired the fatal shot because they show that he was texting only about a minute before and after the shooting.  It is unreasonable to infer that—as a rear passenger who was actively texting—B.S. saw Boughton flip

-13-

off the Suburban and became so enraged that he shot Boughton.

*Smith*, 9 N.W.3d at 566.

In his habeas petition and other filings, Smith has failed to offer any specific rationale as to why the Minnesota Supreme Court's analysis of these arguments was contrary to federal law, and he has not advanced a compelling argument that its conclusion was unreasonable considering the evidence before the court.  The Court will therefore reject Smith's petition for relief on these grounds.

### 2.      Ineffective Assistance of Counsel

In Ground 15, Smith brings a claim for ineffective assistance of counsel.  Smith argues that his counsel "Refused to [move] for a Change in Venue and chose their own Career Interest over a Foreseeable Injustice" even after Smith repeatedly requested they move for a change in venue.  (Pet. at 37.)  Smith also argues that his counsel did not investigate witnesses that Smith said would have provided favorable testimony, and that they refused his requests to "recuse themselves."  (*Id.* at 38.)

The Minnesota Supreme Court analyzed Smith's arguments on this issue at length, and rejected them:

> We turn now to the ineffective assistance of counsel claim asserted in Smith's pro se supplemental brief, which we review de novo. . . . We use the two-prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984), to evaluate ineffective assistance of counsel claims. . . . The appellant must prove that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) but for counsel's error, the outcome of the proceeding would have

been different. *Strickland*, 466 U.S. at 688, 694. The appellant bears the burden of proof, and we "need not analyze both prongs if either one is determinative." *Leake v. State*, 767 N.W.2d 5, 10 (Minn. 2009).

Smith argues that he received ineffective assistance of trial counsel because his counsel did not move for a change in venue despite prejudice from local reporting on the case. To support his claim, he provides a selection of direct quotes from the "court of public opinion." Smith does not identify the source of these quotes, but he ostensibly claims that they are from local reporting on his case.

This claim fails because it does not satisfy either *Strickland* prong. These quotes do not demonstrate that counsel's performance "fell below an objective standard of reasonableness" under the first *Strickland* prong. Smith also fails to satisfy the second *Strickland* prong because he has not shown that if his counsel had moved for a change in venue, and the motion had been granted, the outcome of his trial would have been different.

This claim is similar to one addressed in *State v. Rhodes*. [627 N.W.2d 74 (Minn. 2001).] There, we concluded that a district court did not abuse its discretion when it denied an appellant's ineffective assistance of counsel claim which was based, in part, on trial counsel's failure to move for a change of venue because of media coverage of the case. . . . The appellant there also provided a sampling of reporting on his case, as well as an affidavit by his mother alleging that counsel admitted to her that he should have sought a change of venue, an affidavit from another attorney explaining that a change of venue was necessary, and the appellant's own affidavit stating that he had repeatedly asked his attorney to try to change venue. *Id.* at 82, 86. We explained that even if the appellant's allegations were true, his claims did not cast doubt on the fairness and impartiality of the jury because of how the district court conducted voir dire. . . . We reasoned that "the court and counsel at trial scrupulously examined prospective jurors concerning their awareness of pretrial

-15-

publicity" and that jurors had only "minimal information" about the case before trial . . . .

As in *Rhodes*, our review of the trial transcript shows that the jury here was carefully examined by the district court and counsel. Although some members of the jury knew about the shooting before trial, none of them knew details beyond a basic outline of what happened as initially reported on the news. None of them claimed to have kept up with the case or to have learned anything specific about a suspect. Because Smith has not shown that his counsel acted unreasonably concerning a change of venue, or that, if his counsel had successfully moved to change venue, the outcome of his trial would have been different, his ineffective assistance of counsel claim fails.

*Smith,* 9 N.W.3d at 555–56.

Smith again fails, in his Petition or other filings, to identify any constitutional provision, federal statute, or federal case law that indicates the Minnesota Supreme Court's analysis and conclusion was contrary to federal law. Nor has Smith advanced a compelling argument that the conclusion was unreasonable in light of the evidence before the state court. The Court therefore will reject Smith's habeas petition on ineffective-assistance-of-counsel grounds.

### 3.    Judicial Misconduct

In Ground 16 of his Petition, Smith asserts that the state trial court judge "made Considerations and Rendered [judgments] that were based with Biasness, Unethical Prosecutorial Misconduct and Deceitful Premises." (Pet. at 40.) Smith argues that the court "allowed the state[] to continue to Pivot from the STANDARD Elements of Reasonable Doubt by Allowing them a SHIELD to Protect themselves from The Facts and

Allowing them to strike with a sword that Violates the Constitutional Standard of Judicial Conduct and Disregards the Ethics and COLORING of the LINES in the LAW." (*Id.*)

The Minnesota Supreme Court assessed, and rejected, Smith's claims that the trial court judge was biased against him, or committed other ethical or legal violations:

> We begin by determining whether the district court was biased against Smith. "Whether a judge has violated the Code of Judicial Conduct is a question of law that we review de novo." . . . . Every criminal defendant is entitled to a neutral tribunal. *McKenzie v. State*, 583 N.W.2d 744, 747 (Minn. 1998).
>
> Rule 2.11(A) of the Minnesota Code of Judicial Conduct provides that a judge must disqualify themself "in any proceeding in which the judge's impartiality might reasonably be questioned." Minn. R. Jud. Conduct 2.11(A). A judge's impartiality is an objective consideration, evaluating "whether a reasonable examiner, with full knowledge of the facts and circumstances, would question the judge's impartiality." *In re Jacobs*, 802 N.W.2d 748, 753 (Minn. 2011). It is presumed that a judge has properly discharged their duties. *Malone*, 963 N.W.2d at 464. "To remain impartial, judges should avoid the appearance of impropriety and act to assure that parties have no reason to think their case is not being handled fairly." *Id.*
>
> In his pro se supplemental brief, Smith asserts that his right to due process was violated because the district court was not impartial in several rulings—including in setting his bail, restricting his phone privileges in jail, and denying his motion to dismiss the indictment. He essentially challenges the district court's impartiality because it ruled adversely to him. "But a district court judge's adverse rulings, without more, are not enough for a criminal defendant to demonstrate that the judge was biased against him." *State v. Mouelle*, 922 N.W.2d 706, 716 (Minn. 2019).

-17-

Smith's claim fails because he has not shown that the district court was biased. First, regarding bail, the district court clearly described the basis of—and provided sound reasons to justify—its decision. Second, Smith complains that because the court revoked his phone privileges in jail, he was placed in solitary confinement. But, as the district court explained in an order, it did not have authority to affect his housing assignment in jail and any grievances about that assignment should be directed to jail administrators. Finally, Smith accuses the district court of bias for denying his motion to dismiss the indictment. Even if Smith could show that the district court erred in its ruling, however, any error does not necessarily mean that the district court was biased.

In sum, the record shows that the district court took these issues under advisement and explained the rationale of its rulings. Some of the court's trial rulings favored Smith and some of them did not, but because these challenged adverse rulings are insufficient to show bias, Smith's claim fails.

*Smith*, 9 N.W.3d at 555.

Smith again fails to invoke any provision of federal law with which the Minnesota Supreme Court's analysis is inconsistent, or to advance a compelling argument that the conclusion was unreasonable in light of the evidence before the court. The Court will therefore reject Smith's petition for relief on judicial-bias grounds.

## CONCLUSION

The Court will adopt the Magistrate Judge's R&R and will reject 22 of the 26 grounds for habeas relief raised in Smith's petition for habeas corpus because he did not properly exhaust state court remedies with respect to those arguments, and because they were procedurally defaulted in state court.

-18-

As to the four grounds for habeas relief on which the Magistrate Judge did not issue a recommendation, the Court concludes that Smith has failed to demonstrate that the Minnesota Supreme Court's decision affirming his conviction was contrary to federal law or was an unreasonable determination based on the evidence presented in state court. The Court will therefore deny Smith's petition.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Jamal Lindsey Smith's Petition for a Writ of Habeas Corpus (Docket No. [1]) is **DENIED**.

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Docket No. [2]) and Motion to Appoint Counsel (Docket No. [4]) are **DENIED as moot**.

3. The Report and Recommendation (Docket No. [11]) is **ADOPTED**.

4. Plaintiff's Objection to the Report and Recommendation (Docket No. [13]) is **OVERRULED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 27, 2026                    _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                  United States District Judge